PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:20-CV-256 (5:17CR268-2) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UGUNDA GIOVANNI SANDERS, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 78, 85] |

Pending before the Court is Defendant Ugunda Giovanni Sanders' Amended Motion to Vacate Under 28 U.S.C. § 2255.[1] ECF No. 85. The Government responded in opposition. ECF No. 92. After reviewing the parties' filings and the applicable law, the Court denies Defendant's motion.

## I. Introduction

Following the entry of a guilty plea to Count 2 of the indictment in December 2017 (*See* 12/12/2017 Minutes, ECF No. 47), Defendant was sentenced to the custody of the Bureau of Prisons for a term of 108 months on February 4, 2019.[2] ECF No. 76. On February 5, 2020,

---

[1] Defendant filed an initial Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 78) to which the Government responded in opposition (ECF No. 84). Because an amended motion supersedes the original motion, the Court focuses on the Amended Motion to Vacate Under 28 U.S.C. § 2255. *Mortland v. NAFFAH Invs., LLC*, No. 4:21-CV-00894, 2022 WL 562531, at *1 (N.D. Ohio Feb. 24, 2022) (quoting *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings").

[2] Defendant was indicted with two counts: Count 1 – Conspiracy to possess with intent to distribute over 500 grams of a mixture and substance containing a detectable

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on the basis that trial counsel was ineffective because of (1) "the withholding of critical information therefore rendering the defendant's plea of guilty not voluntary and intelligent" (ECF No. 78 at PageID #: 719 – 720), (2) a "failure to investigate exculpatory evidence" (ECF No. 78 at PageID #: 720 – 722), and (3) a "[failure] to interview any exculpatory witnesses" (ECF No. 78 at PageID #: 722). In opposition, the Government argued that Defendant is not entitled to any relief because (1) he "has failed to show how his counsel's performance was objectively unreasonable or how he was prejudiced[,]" (2) "there is no reasonable probability that the outcome in Sanders' case would be different, especially given the overwhelming evidence against him[,]" and (3) Defendant cannot challenge his guilty plea because "it is a procedurally defaulted claim and [Defendant] cannot show actual innocence." *See* ECF No. 84 at PageID #: 796 – 804.

After the Government responded to his original motion, Defendant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence seeking to void his plea agreement, and vacate the resulting guilty plea and conviction due to ineffective assistance of counsel in violation of the Sixth Amendment. ECF No. 85 at PageID #: 810, 818. Defendant raises four grounds in support. Defendant avers that a Sixth Amendment right to counsel violation occurred because defense counsel (1) "[withheld] critical information rendering the

---

amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and Count 2 – Possession with intent to distribute over 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ and 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. ECF No. 13. In accordance with Defendant's negotiated written plea agreement, at Defendant's sentencing, the Court granted the Government's motion to dismiss Count 1 of the indictment as to Defendant. *See* ECF No. 47 at PageID #: 357 – 358, (Plea Agreement), 1/31/2019 Minutes, and ECF No. 76.

plea of guilty not knowing and not voluntary" (*Id.* at PageID #: 819 –820), (2) "[failed] to investigate exculpatory evidence" (*Id.* at PageID #: 820 – 822), (3) "failed to interview any exculpatory witnesses" (*Id.* at PageID #: 822), and (4) "failed to request a dismissal of the indictment based on the fact that the conspiracy count in this case was part of a single larger conspiracy" (*Id.* at PageID #: 822 – 823).

In opposition to the amended motion, the Government argues that Defendant's motion should be denied because it (1) "violates the one-year statute of limitations set forth in AEDPA[,]" as it was "mailed to this court four and a half months after the deadline[,]" and (2) does not appropriately "'relate back' to the date of [Defendant's] original § 2255 petition within the meaning of Fed. R. Civ. Pro 15(c) because it sets forth an entirely new claim of ineffective assistance of counsel alleging facts and circumstances unrelated to his previously filed claims." ECF No. 92 at PageID #: 893.

## II. Discussion

In order to establish that trial counsel was ineffective, Defendant "needs to show both that his trial counsel acted 'outside the wide range of professionally competent assistance' and that he was prejudiced." *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). "This is an extremely deferential standard, as 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. (quoting *Strickland*, 466 U.S. at 690). "In particular, 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Id*. (quoting *Strickland*, 466 U.S. at 690). "Moreover, this inquiry requires eliminating 'the distorting effects of hindsight ... [in order] to evaluate the conduct from counsel's perspective at the time.'" *Id.* at 629 – 630.

(quoting *Strickland*, 466 U.S. at 689). "Stated more succinctly, the goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision.'" *Id.* at 630 (quoting *Strickland*, 466 U.S. at 687).

**A. Applicable Statute of Limitations**

As a threshold matter, the Court address the statute of limitations issue raised by the Government. The one year period of limitation for filing a motion under 28 U.S.C. § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1) – (4). Section (f)(1) is the applicable section in the instant matter because (i) neither party has raised, nor is the Court aware of, any impediment to Defendant filing the instant motion, (ii) the right to competent counsel was recognized well before this motion was filed,[3] and (iii) the facts giving rise to the fact supporting Defendant's ineffective assistance of

---

[3] "At trial and on first-tier appeal-the stages at which the defendant does have a constitutional right to counsel-this constitutional right to counsel means "the right to the effective assistance of counsel." *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)).

counsel claim arose before Defendant entered a plea of guilty in December 2017. Now, applying section (f)(1), the judgment of Defendant's conviction became final the day Defendant was sentenced – February 4, 2019.[4] ECF No. 76. Accordingly, the last day for Defendant to file for habeas relief pursuant to 28 U.S.C. § 2255 was February 4, 2020. Defendant did not file for such habeas relief until February 5, 2020.

While a defendant may be entitled to equitable tolling if he "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing[,]" Defendant has not shown either and is therefore not entitled to equitable tolling.[5] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Because Defendant did not timely file for habeas relief pursuant to 28 U.S.C. § 2255, the motion is denied as time barred. Even if the motion were filed timely, none of Defendant's four grounds for relief justify vacatur or adjustment of his sentence, as explained below.

**B. Ground One – Withheld Information**

In support of Ground One, Defendant argues that defense counsel fell below the standard of effective counsel because Defendant was not advised that Count 1 of the indictment was dismissed against his co-defendant. ECF No. 85 at PageID #: 819 – 820. As a result, Defendant was prejudiced because he "forfeited the majority of [his] constitutional rights both at trial and on appeal unnecessarily[,]" including his "constitutional right to confront [his] accusers and to

---

[4] "Final judgment in a criminal case means sentence. The sentence is the judgment." *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

[5] Defendant wrote "N/A" when asked to explain why the one-year statute of limitations does not bar his motion. ECF No. 85 at PageID #: 817.

have the suppression hearing" as he "would have certainly opted to have a jury trial and not entered a plea of guilty." *Id.* at PageID #: 820. The Sixth Circuit has set forth the standard for analyzing ineffective assistance of counsel claims in the context of guilty pleas:

> In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," *id.*, or by showing that he or she was not competent to plead guilty, see *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir.2001); *Eddmonds v. Peters*, 93 F.3d 1307, 1317 (7th Cir.1996), cert. denied, 520 U.S. 1172, 117 S.Ct. 1441, 137 L.Ed.2d 548 (1997); *Theriot v. Whitley*, 18 F.3d 311, 313–14 (5th Cir.1994). A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him [or her]." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

*Stewart v. Morgan*, 232 F. App'x 482, 487 (6th Cir. 2007). Applying the above standard, the Court is not persuaded by Defendant's argument. It is well-settled that a "guilty plea must be competent, knowing, and voluntary." *United States v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001) (citing *Godinez v. Moran*, 509 U.S. 389, 396 – 397 (1993). At Defendant's Change of Plea Hearing, he represented to the Court that he was fully aware of the content and consequences of entering into the plea agreement. Specifically, Defendant had the following exchange with the Court:

> THE COURT: So paragraph 29 is the last numbered paragraph, and it's subtitled "The Agreement is Complete and Voluntarily Entered." Before I talk to you in a little more detail about some of what's written there, I'd like you to tell me in your own words, Mr. Sanders, why you've decided to plead guilty to Count 2.
>
> THE DEFENDANT: I feel that the plea agreement as worded is fair. I did struggle in the beginning. This is -- this type of behavior is not how I normally live my life. But having been incarcerated for five months, I've put a lot of thought into the decisions I've made and the effect they would have on the community that I've been

so responsible in for most of my life, and I just -- I feel that -- I feel that the prosecutor was fair in her offer and I accepted it. If that's -- if that's sufficient.

THE COURT: It's almost there. It doesn't leave much room to wonder, but it does cause me to ask this: Are you pleading guilty because you are guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. And let me make sure. Even if you're guilty, you still could have a right to have the government test its evidence at trial. And I want to make sure that you've decided not to go to trial of your own free will. Is that true?

THE DEFENDANT: Not to drag my answer out, but I feel that would be a waste of the court's time and I feel like that would be the ultimate show of disrespect to the court. And for that reason, this is what I've chosen of my own free will.

THE COURT: Okay. And it's not, then, your choice because somebody has threatened you --

THE DEFENDANT: Oh, absolutely not.

THE COURT: -- and said, "Sanders, I'm going to hurt you or somebody you care about"? Nobody has threatened you?

THE DEFENDANT: Absolutely not.

THE COURT: And the promises on which you rely are in this written plea agreement?

THE DEFENDANT: I'm sorry?

THE COURT: Are you relying on any secret promise, something that's not in this written plea agreement?

THE DEFENDANT: No. Mr. Yoder and I discussed this at length and I'm aware of everything that – that there are really no promises, this is what the government is suggesting, but ultimately, it's at your discretion.

THE COURT: And that what's in this agreement, while only a suggestion and at my discretion, is all that you're relying on?

THE DEFENDANT: Yes, ma'am. I'm sorry.

THE COURT: Okay. I just want to make sure there are no hidden deals, because I don't know about any –

THE DEFENDANT: Oh, no.

THE COURT: -- and you don't know about any? You're not relying because of any?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Fair enough.

ECF No. 72 at PageID #: 647 – 650. In summation, the Court confirmed with Defendant that the plea was entered into voluntarily and Defendant was aware of the consequences of entering into the plea agreement, namely the waiver of a right to proceed to trial. *Ward v. United States*, No. 1:05 CR 245, 2007 WL 9771479, at *3 (N.D. Ohio June 26, 2007) (rejecting defendant's challenge to the voluntariness of her plea because "she points to nothing in the record to suggest that she was not fairly apprised of the consequences or terms of her plea or that it was induced by any prosecutorial misconduct" and "her statements to the court at her change of plea hearing indicate just the opposite"). Also, Defendant is not able to satisfy the standard prescribed by *Strickland* because he offers no additional support besides an account of discussions with defense counsel during the Change of Plea hearing to establish deficiency in performance and prejudice. *Noble v. United States*, No. 1:07 CR 0028, 2012 WL 13060075, at *3 (N.D. Ohio May 8, 2012) (citing *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972)) (stating that "[a] § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255"). Accordingly, the Court rejects Defendant's request for relief based on Ground One.

### C. Ground Two – Failure to Investigate Exculpatory Evidence and Ground Three – Failure to Interview Exculpatory Witnesses

For Ground Two, Defendant avers that defense counsel was ineffective for failure to investigate two categories of evidence: (1) records of Defendant's transaction with shipping


service company uShip,[6] and (2) records of Defendant's stay with Courtyard Hotel in June 2017. ECF No. 85 at PageID #: 820 – 822. For Ground Three, Defendant argues that counsel's failure to interview his co-Defendant, Mr. Gary Hite, who intended to "provide an affidavit exculpating [Defendant] from willing and knowing participation in the act(s) that resulted in [their] arrest" had an affect on the outcome of the trial and violated Defendant's Sixth Amendment right to counsel. *Id.* at PageID #: 822.

The Court is not persuaded by any of Defendant's arguments. Ground Two is tantamount to a disagreement with the defense counsel's strategy, a topic which the Court accords high deference. *See United States v. Arny*, 831 F.3d 725, 728 (6th Cir. 2016); *Norman v. Bradshaw*, No. 1:05CV1796, 2006 WL 3253121, at *10 (N.D. Ohio Nov. 8, 2006) (citing *Strickland*, 466 U.S. at 689) (stating that "[d]isagreements by a defendant with tactics and/or strategies will not support a claim of ineffective assistance of counsel"). The requisite *Strickland* standard is not satisfied by Defendant's arguments in Ground Two or Ground Three because Defendant has not shown why defense counsel's performance was deficient or that Defendant suffered prejudice as a result of defense counsel's inadequate performance. In fact, Defendant does little more than simply state that the evidence in Ground Two and Ground Three would have affected the outcome of the trial. Without more, Defendant cannot establish that he suffered from ineffective assistance of counsel. *Bradshaw*, 2006 WL at *10 (stating that "[v]ague or conclusory allegations are insufficient to establish the prisoner's burden that counsel's performance was deficient and that the defendant suffered prejudice as a result" of counsel's deficient performance). Additionally, when considering that the conspiracy count (which co-Defendant

---

[6] *See* https://www.uship.com/ (last visited May 5, 2022).

Hite's affidavit would have related to) was dropped, Defendant's position in Ground Three – that the affidavit would have affected the outcome of the trial – is even less persuasive. Defendant's request for relief based on both Ground Two and Ground Three is denied.

**D. Ground Four – Failure to Seek Dismissal of Indictment**

For Defendant's fourth and final ground, he challenges defense counsel's failure "to challenge the validity of the indictment, or at least the conspiracy count in this case[.]" ECF No. 85 at PageID #: 823. Defendant writes that a grand jury returned a Superseding Indictment "against the defendant charging conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine for the second time" in another matter and defense counsel failed to challenge the indictment in the instant matter. *Id*. As a result, defense counsel's "representation fell below the standard of representation guaranteed by the Sixth Amendment[.]" *Id*.

Again, it is worthy of mentioning that Count 1, the conspiracy count Defendant references, was withdrawn at Defendant's sentencing pursuant to the plea agreement defense counsel negotiated. Thus, any challenge to defense counsel's failure to seek to have Count 1 of the indictment, the conspiracy charge, is moot. Regarding Defendant's broader request for defense counsel to challenge the validity of the indictment in its entirety, such a vague request falls short of fulfilling the standard in *Strickland*, similar to Grounds Two and Three. Defendant does not establish that defense counsel's performance fell below reasonable standards or that Defendant suffered prejudice. No support besides conclusory allegations are offered. *Savoca v. United States*, No. 1:06CV1747, 2008 WL 906122, at *5 (N.D. Ohio Mar. 31, 2008) (reasoning that no ineffective assistance of counsel claim existed because "[b]y offering no evidence in support of his claim, Petitioner has not met his burden"). Defendant's request for relief based on Ground Four is denied.

## III. Conclusion

For the reasons stated above, Defendant's Amended Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 85) is denied. Further, Defendant's initial Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 78) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b). A separate Order of Dismissal will issue.

IT IS SO ORDERED.

May 6, 2022
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge