PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:17CR268-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UGUNDA GIOVANNI SANDERS, | ) | |
| | ) | **ORDER** |
| | ) | [Resolving ECF No. 108] |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Ugunda Giovanni Sander's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 108).[1] The Government filed a response in opposition. ECF No. 114. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's *pro se* Motion for Sentence Reduction is denied.

### I. Background

On July 19, 2017, a federal grand jury indicted Defendant with conspiring to possess with the intent to distribute methamphetamine and with possession the intent to distribute 500 grams or more of methamphetamine pursuant to 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A). *See* Indictment (ECF No. 13) at PageID #: 192-93. On December 12, 2017, Defendant pled guilty possession with intent to distribute methamphetamine, in violation of § 841(a)(1) pursuant to the

---

[1] In accordance with a General Order of the Court, counsel was appointed all *pro se* inmates seeking compassionate release. Defendant declined to supplement his *pro se* motion. *See* Notice of Intent Not to Supplement Motion to Reduce Sentence (ECF No. 110).

(5:17CR268-2)

plea agreement. *See* Plea Agreement (ECF No. 47) at PageID #: 365-66. On June 29, 2020, the Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 108 months. *See* Criminal Judgement (ECF No. 76) at PageID #: 695-96. Upon release, Defendant is to serve a 3-year term of supervised release. Defendant is currently 51 years old and serving his sentence at FCP[2] Morgantown.[3]

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or the defendant. The Sixth Circuit provides that district courts must follow a "three-step test" for determining whether to grant a defendant's motion for compassionate release. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

---

[2] In February 2024, the BOP approved the recommendation of changing "FCI Morgantown" to "FCP Morgantown". *See Name Changes Approved for Seven FBOP Facilities*, FED. BUREAU OF PRISONS https://www.bop.gov/resources/news/20240404-name-changes-approved-for-seven-fbop-facilities.jsp (last visited Jan. 31, 2025).

[3] Defendant's anticipated release date is February 28, 2030. *See Inmate Locator,* https://www.bop.gov/inmateloc/ (last visited Jan. 31, 2025).

2

(5:17CR268-2)

*Id*. at 1107-08 (alterations and emphasis in original) (citations omitted).

A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam,* 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.")

In 2023, the Sentencing Commission amended United States Sentencing Guidelines § 1B1.13, the applicable policy statement, to align with the passage of the First Step Act. The Court concludes, therefore, that the policy statement, as amended, is now "applicable" to motions for sentence reduction filed in court by defendants. *See United States v. Livesay,* No. 3:18-CR-36-TAV-DCP-15, 2023 WL 8101845, at *6 (E.D. Tenn. Nov. 21, 2023) ("[T]he Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines.") The revised policy statement lists six circumstances of a defendant that a court may consider, in isolation or in combination: (1) medical condition, (2) age, (3) family circumstances, (4) whether defendant was a victim of abuse, (5) other reasons, and (6) unusually long sentence. *See* U.S.S.G. § 1B.13(b). Defendant argues that his medical condition constitutes extraordinary and compelling reasons justifying his early release.

### A. Exhaustion

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

3

(5:17CR268-2)

request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Defendant submitted a request for compassionate release to the warden. The warden denied Defendant's request on September 29, 2023. *See* Exhibit A (ECF No. 108-1) at PageID #: 1037. Defendant, therefore, has exhausted his administrative rights in this case.

### B. Extraordinary and Compelling Reasons

Defendant claims two extraordinary and compelling reasons for his early release: his diagnosis of colon cancer and COVID-19.

1. *Medical Condition*

Defendant writes that the BOP is unable to provide the type of specialized medical care needed to "treat and maintain an appropriate quality of life following Sanders' recent stage II colon cancer diagnosis." ECF No. 108 at PageID #: 1011. Particularly, he suggests that his "recent stage II colon cancer diagnosis", calls for chemotherapy and immunotherapy, and remaining at the correctional facility will increase his risk of infection. ECF No. 108 at PageID #: 1023-24. Defendant also suggests that BOP has provided little to no follow up care for him since his surgery. ECF No. 108 at PageID #: 1024-25.

In relevant part, medical circumstances will become an extraordinary and compelling reason if:

> **(B)** The defendant is--
>   **(i)** suffering from a serious physical or medical condition,
>   **(ii)** suffering from a serious functional or cognitive impairment, or
>   **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
>   That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not

4

(5:17CR268-2)

>being provided and without which the defendant is at risk of serious deterioration in health or death.

See U.S.S.G. §§ 1B1.13 (B) and (C).

The Court finds that Defendant's medical condition does not warrant extraordinary and compelling circumstances, because it does not meet any of the medical-based grounds outlined by the Sentencing Commission. Defendant was diagnosed with stage I colon cancer in September 2023 (ECF No. 113-1 at PageID #: 1152), but later received a surgery on November 14, 2023 that successfully removed the tumor, *see* ECF No. 113-1 at PageID #: 1217. In a follow-up visit with the oncologist in January 2024, the oncologist explained that chemotherapy was not recommended for stage I colon cancer, and that his "pathology was reassuring". ECF No. 113-1 at PageID #: 1156. The oncologist believed that surgery cured his disease and recommended to continue with screen colonoscopies at regular intervals. *Id*.

The record also contradicts Defendant's assertion that the BOP provided "little to no follow up care" following his surgery. *See* ECF No. 108 at PageID #: 1024. In November 2023, the same month that Defendant received his surgery, the BOP monitored Defendant several times after he reported experiencing vomiting and abdominal pain throughout the month. *See e.g.,* ECF No. 113-1 at PageID #: 1151 (providing defendant with medication on November 18, 2023); ECF No. 113-1 at PageID #: 1117 (showing that Defendant received care and medication on November 20, 2023); *see also* ECF No. 113-1 at PageID #: 1142-43 (providing Defendant with medication for his abdominal pain on November 23, 2023).

Because Defendant failed to provide sufficient evidence to meet the medical-based grounds in the Guidelines, the Court finds that Defendant's medical condition does not constitute extraordinary and compelling circumstances.

   2. *Covid*

5

(5:17CR268-2)

Now Defendant claims he is at serious risk to contract COVID-19 resulting from Defendant's purported stage II colon cancer diagnosis and forthcoming chemotherapy. ECF No. 108 at PageID #: 1030-31. In the early stages of the COVID-19 pandemic, before the COVID-19 vaccines, the threat of COVID-19 coupled with an individual's underlying health conditions often amounted to a finding of extraordinary and compelling reasons justifying relief. However, "given the availability of effective COVID-19 vaccines, a defendant's imprisonment during the pandemic no longer presents an extraordinary and compelling reason for compassionate release, even if he has serious medical conditions." United States v. Thompson, No. 23-5352, 2024 WL 5154473, at *2 (6th Cir. Jan. 9, 2024); see also United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) (finding, "when the defendant has access to the COVID-19 vaccine", it "does not present an 'extraordinary and compelling reason" warranting a sentence reduction.'")

Defendant has either been vaccinated[4] or at minimum, the vaccine has been available to him. Also, as of January 21, 2025, FPC Morgantown has had 0 open cases of COVID-19, and 0 COVID-19 related deaths. *See FPC Morgantown*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited January 31, 2025). Given that Defendant has been vaccinated, and is housed at a low-risk prison, the Court fails to find his risk of COVID-19 an extraordinary and compelling circumstance justifying relief.

### C. 18 U.S.C. § 3553(a) Factors

---

[4] Defendant received the Pfizer-BioNTech Vaccine on August 5, 2021; August 31, 2021; March 9, 2022; and he also received the Moderna Vaccine on November 8, 2022. *See* ECF No. 113-1 at PageID #: 1157-58.

(5:17CR268-2)

Because the Court does not find that Defendant presents extraordinary and compelling circumstances, the Court need not address the 18 U.S.C. § 3553(a) factors.[5]  *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (finding "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.") (citation omitted).

### III.    Conclusion

Because Defendant has failed to establish extraordinary and compelling circumstances for compassionate release, the Court denies Defendant's motion for Compassionate Release (ECF No. 108).

IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] If the Court were to fully address those factors, they would not support Defendant's release. As the Government argued, "[Defendant was] not a low-level street dealer. Instead, [he] was involved in a large-scale operation to flood the streets of Akron with hundreds of pounds of methamphetamine, and he did it all just to make a quick buck." ECF No. 114 at PageID #: 1170. Defendant has not shown that he no longer presents a danger to the community.